IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

      Plaintiff,                      No.  2: 11-cv-2549 MCE DAD P

    vs.

RUGGIERO, et al.,

      Defendants.             <u>ORDER</u>

_____/

        Plaintiff has filed a motion for a forty-five day extension of time to file a response to defendant's motion to dismiss.  Good cause appearing, the motion will be granted.  Plaintiff also requests a hearing date be set on defendant's motion to dismiss.  As plaintiff has not yet filed his response to the motion to dismiss, his motion to set a hearing will be denied without prejudice as premature.

        In light of the July 6, 2012 decision of the United States Court of Appeals for the Ninth Circuit in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), the court will again advise plaintiff of the requirements for opposing defendant's motion to dismiss.  Such a motion is a request that the court dismiss without prejudice any unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under

penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion.  See Local Rule 230(l).  If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's motion for an extension of time (Doc. No. 25.) is GRANTED;

        2.  Plaintiff is granted forty-five (45) days from the date of this order in which to file a response to defendant's motion to dismiss; and

        3.  Plaintiff's request for a hearing (Doc. No. 25.) on defendant's motion to dismiss is DENIED WITHOUT PREJUDICE as premature.

DATED: September 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
DAD1/prisoner-civil rights/orte2549.36